## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| JEFFREY J. SPERRY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 04-3125-CM** |
| | ) | |
| ROGER WERHOLTZ, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff Jeffrey J. Sperry, an inmate at the Lansing Correctional Facility ("LCF"), brings this action pursuant to 42 U.S.C. § 1983 against defendant Roger Werholtz, Secretary of Corrections, in his individual and official capacities. Plaintiff alleges that defendant violated his First and Fourteenth Amendment rights by banning all sexually explicit materials under the Kansas Department of Corrections's ("KDOC") amended Kansas Administrative Regulation ("KAR") 44-12-313. Plaintiff further alleges that defendant violated his Fourth and Fourteenth Amendment rights and various state laws by placing ten percent of monies received by him into a mandatory savings account. Plaintiff requests declaratory and injunctive relief in addition to compensatory and punitive damages. This matter is before the court on Defendant's Motion for Summary Judgment (Doc. 59).

## I.    Factual Background[1]

Plaintiff is incarcerated at LCF in Lansing, Kansas. Defendant issued an order prohibiting

---

[1]  The court construes the facts in the light most favorable to the non-moving party pursuant to Fed. R. Civ. P. 56. The court has combined the facts proposed by both parties, and included only those that are relevant, material, and properly supported by the record.

sexually explicit materials from state correctional facilities, which resulted in the amendment of

KAR 44-12-313.  KAR 44-12-313, as amended, prohibits an inmate from possessing sexually

explicit materials if the purpose of the material is sexual arousal or gratification and the material

either contains nudity or displays certain sexual acts.  Plaintiff owns adult magazines that feature

nudity; "letters from wives/girlfriends that contain sexually explicit esoterica [sic]"; and

pornographic and mainstream novels and works of literature.  Pl.'s Comp. at ¶ 10.  Plaintiff does not

allege that defendant seized any sexually explicit material from him.  And defendant is unaware of

the seizure of any such material from plaintiff since KAR 44-12-313 was amended to prohibit these

materials in April 2004.

        As an inmate, plaintiff is required to allow defendant to deposit ten percent of the money he

receives from outside the facility into a mandatory savings account.  He is required to deposit money

from work-release programs or other non-institutional employment under Internal Management

Policy and Procedure ("IMPP") 04-109 and money from other outside sources under IMPP 04-103.

On March 1, 2004, plaintiff signed a form consenting to all IMPP 04-109 deductions, including the

mandatory ten percent savings, from his earned wages.  He did not sign a consent form agreeing to

allow defendant to put ten percent of other monies received from outside the facility into the

mandatory savings account.

## II.    Standards for Judgment

        Summary judgment is appropriate if the moving party demonstrates that there is "no genuine

issue as to any material fact" and that it is "entitled to a judgment as a matter of law."  Fed. R. Civ.

P. 56(c).  In applying this standard, the court views the evidence and all reasonable inferences

therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144

-2-

F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The court acknowledges that plaintiff appears pro se and his response is entitled to a less stringent standard than a response filed by a licensed attorney.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  This does not, however, excuse plaintiff from the burden of coming forward with evidence to support his claims as required by the Federal Rules of Civil Procedure and the local rules of this court.  And the court will not assume the role of advocate for the pro se litigant.  *Hall*, 935 F.2d at 1110.

## III.   Discussion

Defendant argues that he is entitled to summary judgment on plaintiff's claims because (1) plaintiff has not shown injury under KAR 44-12-313 sufficient to give him standing to bring a claim under 42 U.S.C. § 1983; (2) KAR 44-12-313 is reasonably related to legitimate penological interests; (3) requiring mandatory inmate savings accounts is not an unconstitutional seizure; and (4) defendant is entitled to Eleventh Amendment immunity.

### A.   *Standing*

Defendant argues that plaintiff lacks standing to bring his First and Fourteenth Amendment claims regarding KAR 44-12-313 because plaintiff has not alleged or presented evidence that defendant seized sexually explicit material from him.  To establish standing, plaintiff must demonstrate the following: (1) he suffered an injury in fact; (2) a causal relationship between the injury and the challenged conduct; and (3) a likelihood that a favorable decision will redress the injury.  *Skull Valley Band of Goshute Indians v. Nielson Nuclear Reg. Rep. P 20,642*, 376 F.3d 1223, 1233 (10th Cir. 2004) (quoting *NE. Fla. Chapter of the Associated Gen. Contractors v. City of Jacksonville*, 508 U.S. 656, 663–64 (1993)).  "An injury in fact is an 'invasion of a legally protected

interest' that is (a) concrete and particularized and (b) actual or imminent, i.e., not conjectural or hypothetical." *Essence, Inc. v. City of Fed. Heights*, 285 F.3d 1272, 1280 (10th Cir. 2002) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

A state prisoner lacks standing to raise claims on behalf of others. *Swoboda v. Dubach*, 992 F.2d 286, 289–90 (10th Cir. 1993). "Rather, to have standing, a state prisoner must state 'specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury.'" *Bauer v. Dantis*, No. 95-2553, 1996 WL 77037, at *2 (10th Cir. Feb. 21, 1996) (citing *Swoboda,* 992 F.2d at 289–90)). Allegations of possible future injury are not enough to establish standing. *Smith v. United States Court of Appeals for the Tenth Circuit*, 484 F.3d 1281, 1284 (10th Cir. 2007) (citing *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005)). In freedom of expression cases and cases "where a law has yet to be enforced against the plaintiff, the plaintiff is further required to show a 'credible threat' of enforcement." *Doctor John's, Inc. v. City of Roy*, 465 F.3d 1150, 1155–56 (10th Cir. 2006) (citations omitted); *Mink v. Suthers*, 482 F.3d 1244, 1253 (10th Cir. 2007) (explaining that, in a freedom of expression case, "mere presence on the statute books of an unconstitutional statute, in the absence of enforcement or credible threat of enforcement, does not entitle anyone to sue, even if they allege an inhibiting effect on constitutionally protected conduct prohibited by the statute") (citations and quotations omitted). "The threat of injury must be both real and immediate." *Smith*, 484 F.3d at 1284.

Here, plaintiff has not shown that the threatened injury is imminent. He does not allege that defendant took his material, threatened to take his material, or that there is any immediate danger that defendant will seize the material. And defendant has not taken sexually explicit material from plaintiff since KAR 44-12-313 was amended in 2004. The mere possibility of a future seizure is not

an injury in fact.  Without the threat of immediate seizure of plaintiff's sexually explicit material,

plaintiff does not have standing to challenge the regulation.  Plaintiff fails to demonstrate that a

genuine issue of fact exists as to injury in fact.  Plaintiff's claims regarding KAR 44-12-313 are

dismissed.

### B.    Eleventh Amendment Immunity

Plaintiff's claims against defendant in his official capacity as a state employee of the KDOC

are claims against his office, and therefore, are no different than a suit against the state.  *See Will v.*

*Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Because plaintiff's official-capacity suit is like

a suit against the state, defendant argues that the action against him in his official capacity is barred

by the Eleventh Amendment.  Under the Eleventh Amendment, states are immune from suits

brought in federal court by their citizens, citizens of other states, foreign sovereigns, and Indian

tribes.  *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 827 (10th Cir. 2007).  But the

Supreme Court carved out an exception for claims against state officers that seek prospective relief.

*Id.* at 828 (recognizing the well-established exception that permits suits for prospective injunctive

relief against state officials acting in violation of federal law); *Hornsby v. Jones*, 188 Fed. App'x

684, 686 (10th Cir. 2006) ("[S]uits seeking prospective injunctive relief or declaratory relief against

state officers, are not barred by the Eleventh Amendment.").  Under this exception, the sole question

for the court is whether the relief sought is prospective, and not retrospective.  *Hill v. Kemp*, 478

F.3d 1236, 1259 (10th Cir. 2007).

Plaintiff seeks monetary, declaratory, and injunctive relief.  Plaintiff's claims for

compensatory and punitive damages seek retrospective relief; he is seeking damages for defendant's

past actions.  Plaintiff's claims for declaratory relief are prospective in nature—plaintiff asks for a

declaration that defendant's current policies violate certain laws.  Plaintiff's claims for injunctive

relief are both prospective and retrospective.  Plaintiff's request that the court prohibit defendant from enforcing its current policies and from placing his funds into a mandatory savings account in the future are prospective.  But his request that the court direct defendant to release all money that was previously placed in the mandatary savings account and put it in his regular inmate account is retrospective.  After reviewing the relief request by plaintiff, the court finds that the Eleventh Amendment bars plaintiff's claims for monetary damages and retrospective injunctive relief brought against defendant in his official capacity.

### C.   *Inmate Savings Account*

Plaintiff alleges that he is permanently deprived of the use or benefit of the mandatory savings account money and that the money is deposited into a KDOC bank account for KDOC use. Plaintiff argues this is an unlawful seizure under the Fourth Amendment; violates his Fourteenth Amendment rights to due process; and is criminal deprivation of property, conversion, and illegal taxation under Kansas law.

Defendant admits it puts ten percent of non-institutional wages and money plaintiff receives from outside the facility into a mandatory savings account, but denies that the money is taken by KDOC for its own use.  Defendant relies on statutes and regulations to support his argument, but presents no evidence that he follows the statutes and regulations or that plaintiff is not permanently deprived of the money placed in the mandatory savings account.  Instead, defendant argues that the statutes and regulations authorizing the mandatory savings account are constitutional because inmates have no constitutional right to immediate withdrawal of funds.  But plaintiff does not allege in his complaint that the statutes and regulations are unconstitutional on their face; he argues that defendant's actions of converting the money to KDOC use and permanently depriving him of ten percent of all money that comes from outside the institution is unconstitutional.

The evidence before the court is not sufficient to determine whether defendant is using the money for KDOC purposes or whether defendant is permanently depriving plaintiff of his money—there is no evidence regarding (1) how the mandatory savings account is set up; (2) whose name the account is under; (3) how the interest is handled; or (4) whether defendant follows the statutes and regulations that require it to save the money for plaintiff.  Construing the facts in the light most favorable to the non-moving party, the court finds that defendant has failed to meet its burden of demonstrating there is no material issue of fact.

To the extent plaintiff intended to bring a claim that the statutes and regulations are unconstitutional on their face, as it appears he argued in his grievance to KDOC,[2] he should consider whether it would be appropriate to amend his complaint.

Plaintiff's inmate-savings-account claim against defendant in his individual capacity and plaintiff's inmate-savings-account claim for declaratory relief and prospective injunctive relief against defendant in his official capacity presently remain before the court.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 59) is granted in part and denied in part.

Dated this 6th day of July, 2007, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**

---

[2] In his KDOC grievance, plaintiff alleged that the mandatory savings account amounts to a permanent deprivation of his personal property because it is unlikely that he will be released within the next twenty-eight years.  In his complaint, however, he alleges that defendant deprives him of the money by putting it into KDOC bank accounts for KDOC use.