IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| JEFFREY J. SPERRY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ROGER WERHOLTZ,<br><br>　　　　　Defendant. | CIVIL ACTION<br><br>No. 04-3125-CM |

### MEMORANDUM AND ORDER

Plaintiff Jeffrey J. Sperry, an inmate at the Lansing Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 against defendant Roger Werholtz, Secretary of Corrections. This case is before the court on former plaintiff Brian McGoldrick's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60 (Doc. 76), in which he asks the court to set aside its March 23, 2005 Order and reinstate his First Amendment claim.

### I.　Factual Background

This matter was originally brought by Brian McGoldrick, Tod Pabst, Marcus Washington, and plaintiff Sperry pursuant to 42 U.S.C. § 1983. They alleged that defendant (1) violated their First and Fourteenth Amendment rights by banning all sexually explicit materials under the Kansas Department of Corrections's amended Kansas Administrative Regulation 44-12-313 and (2) violated their Fourteenth Amendment rights and various state laws by placing ten percent of all monies received by them into mandatory savings accounts. On March 23, 2005, the court found that they

had failed to "totally exhaust"[1] all available administrative remedies with respect to the claims in their complaint as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and dismissed the case without prejudice. On appeal, the Tenth Circuit found that McGoldrick, Pabst, and Washington failed to totally exhaust their claims and affirmed the order dismissing their claims without prejudice, but found that plaintiff Sperry properly exhausted his claims and remanded his claims back to this court.

On July 6, 2007, the court granted defendant's motion for summary judgment regarding plaintiff Sperry's First and Fourteenth Amendment claims and dismissed the claims. Only plaintiff Sperry's claims regarding the mandatory savings account remain pending before the court.

## II.     Legal Standard

Rule 60(b) provides relief from judgment for a variety of reasons. Fed. R. Civ. P. 60(b)(1)–(6). McGoldrick does not specify under which provisions of Rule 60(b) he seeks relief. But the one-year time period to file a motion under Rule 60(b)(1), (2), or (3) has passed and he makes no argument that the order is void under Rule 60(b)(4). Therefore, the court will treat his motion as a motion under Rule 60(b)(5) and (6).

Rule 60(b)(5) provides relief when "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Fed. R. Civ. P. 60(b)(5). Here, no judgment has been satisfied and no prior judgment has been reversed or vacated; a "prior judgment" under Rule 60(b)(5) refers to judgments in the same proceeding, not a change in applicable law. *See*

---

[1] "Total exhaustion" requires the dismissal an action if the complaint contains any unexhausted claims. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1188–89 (10th Cir. 2004), *abrogated by Jones v. Bock,* – U.S. –, 127 S. Ct. 910 (2007).

*Washington v. United States*, No. 94-2451-RDR, 2005 WL 1944773, at *3 (D. Kan. Aug. 15, 2005) ("By 'prior judgment', Rule 60(b)(5) means a judgment that is part of the same proceeding in an issue preclusion or res judicata sense, as opposed to a judgment that supplied prior precedent for the judgment from which relief is sought."). Thus, the court will construe McGoldrick's request for relief under Rule 60(b)(5) as being on the basis that the judgment is no longer equitable. To prevail on this theory, McGoldrick must show that the law or facts no longer require enforcement of the order. *Altendorf v. Dodson Int'l Parts, Inc.*, No. Civ.A.04-4032, 2004 WL 2203447, at *3 (D. Kan. Sept. 24, 2004) (citing *Dowell by Dowell v. Bd. of Educ. of Okla. City Pub. Schs.*, 8 F.3d 1501 (10th Cir. 1993)). "The standard for relief under Rule 60(b)(5) is an exacting one and requires a strong showing." *Id.* (citation omitted). Relief is only available under extraordinary circumstances. *See Massengale v. Okla. Bd. of Exam'rs in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994) ("Rule 60(b) relief is only appropriate under extraordinary circumstances.").

Rule 60(b)(6) provides relief from judgment based on "any . . . reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). This "catch all" provision likewise is reserved for extraordinary circumstances. *Loum v. Houston's Rests., Inc.*, 177 F.R.D. 670, 672 (D. Kan. 1998) (citations omitted). The court reserves Rule 60(b)(6) relief for situations in which it "offends justice" to deny relief. *Id.* (citation omitted).

Whether to grant a Rule 60(b) motion rests within the court's discretion. *See Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

**III.   Discussion**

McGoldrick argues that his First Amendment claim should be reinstated in light of the Supreme Court's recent decision in *Jones v. Bock,* – U.S. –, 127 S. Ct. 910 (2007). On January 22, 2007, nearly two years after the March 23, 2005 Order dismissing McGoldrick's claims and seven

months after the Tenth Circuit Opinion affirming the dismissal, the Supreme Court abrogated the Tenth Circuit's total exhaustion requirement for claims brought pursuant to the PLRA. *Jones*, 127 S. Ct. at 925–26; *see also Mitchell v. Estrada*, 225 Fed. App'x 737, 738 (10th Cir. 2007). But the Supreme Court did not explain the retroactive reach of its decision.

A Supreme Court decision applies retroactively to "all cases still open on direct review." *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993) ("When [the Supreme Court] applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule."). Cases "still open on direct review" are those where there is no final judgment. *See Deja Vu v. Metro. Gov't of Nashville & Davidson Co.*, 421 F.3d 417, 421 (6th Cir. 2006) ("[T]he Supreme Court has long recognized a distinction between cases on 'direct review' and those involving collateral attack on a final judgment"). A final judgment is "one where 'the availability of appeal' has been exhausted or has lapsed, and the time to petition for certiorari has passed." *Bradley v. Sch. Bd. of City of Richmond*, 416 U.S. 696, 711 n.14 (1974) (quoting *Linkletter v. Walker*, 381 U.S. 618, 622 n.5 (1965)). In cases where there is more than one issue, *Harper* only applies to the issues that are "on direct review." *See, e.g., Deja Vu,* 421 F.3d at 421 (holding that a permanent injunction entry was not "on direct review" because the entry was final, but applying *Harper* to the attorney fee issue that was on direct appeal).

McGoldrick's case is not on direct review. The judgment dismissing his claims is final and he is no longer a party to this action: the district court dismissed his claims, the Tenth Circuit affirmed the district court's ruling and denied his appeal, and his time to file a petition for a writ of certiorari has expired. Because McGoldrick's claims are final, they are not open on direct review,

and *Jones* does not apply retroactively to his claims.

McGoldrick relies exclusively on the court's decision in *Jones* for his argument that he is entitled to relief under Rule 60(b). But "'[a] change in precedential law, especially when it is not retroactive, rarely constitutes an "extraordinary circumstance" warranting Rule 60(b)(6) relief.'" *Malek v. Wheeler*, No. 2:03cv1055, 2007 WL 2406943, at * 3 (D. Utah Aug. 16, 2007) (quoting *Edwards v. Burnett*, 2007 WL 1768770 (E.D. Mich. June 15, 2007)); *see also Agostini v. Felton*, 521 U.S. 203, 239 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6). . . ."). Nor does it support relief under Rule 60(b)(5). *See Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (holding that a decisional change in the law subsequent to a final judgment does not provide a sufficient basis for vacating the judgment under Rule 60(b)(5)). After reviewing the case, the court finds that there are no extraordinary circumstances that warrant relief under Rule 60(b). The court, therefore, denies McGoldrick's Motion for Relief from Judgment.

**IT IS THEREFORE ORDERED** that Brian McGoldrick's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60 (Doc. 76) is denied.

Dated this 18th day of September 2007, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**