IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY J. SPERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-3125-CM |
| ) | |
| ROGER WERHOLTZ, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This prisoner civil rights case comes before the court on the motion **(doc. 88)** of the pro se plaintiff, Jeffrey J. Sperry, for permission to serve discovery out of time. The defendant, Roger Werholtz, has filed a response (doc. 89). No timely reply has been filed by plaintiff. For the reasons set forth below, plaintiff's motion is denied.

The relevant procedural history is as follows. On December 1, 2006, after conferring with plaintiff and counsel for defendant, the court filed a scheduling order[1] setting April 16, 2007 as the deadline to complete discovery. On February 17, 2007, the court granted defendant's motion to stay discovery until Judge Murguia ruled defendant's pending summary judgment motion.[2] After Judge Murguia ruled on defendant's summary judgment motion, the parties submitted an updated planning meeting report and the court entered an amended scheduling order on November 8, 2007.[3] The court set February 15, 2008 as the

---

[1] Doc. 55.

[2] Doc. 68.

[3] Doc. 83.

O:\ORDERS\04-3125-CM-88.wpd

deadline to complete discovery and March 21, 2008 as the deadline to file all potentially dispositive motions. The case is set for trial on a docket beginning October 6, 2008.

During the final pretrial conference held on March 4, 2008, plaintiff indicated he intended to seek leave to serve discovery out of time. On March 13, 2008, defendant filed his motion for summary judgment.[4] Plaintiff filed the instant motion on March 14, 2008. Plaintiff attached the discovery requests he is seeking to serve out of time as exhibits to the instant motion. The discovery consists of requests for production of documents and interrogatories.

Plaintiff argues he was separated from his legal work since January 2008 and that the discovery requests had been previously prepared. The court notes plaintiff's requests for production of documents were signed by plaintiff on February 28, 2008,[5] almost two weeks after discovery was to be completed. Plaintiff states that he delayed his discovery requests until he received discovery from defendant, which defendant stated at the final pretrial conference he would be sending to plaintiff. Plaintiff states that he is receiving less than one hour per week in the law library to work on his cases. Plaintiff argues defendant will not be prejudiced by the court permitting plaintiff to serve the discovery requests.

Defendant argues he would suffer actual prejudice if the court permitted plaintiff to obtain discovery at this point in the case. Defendant has already filed his motion for summary judgment and based it on the current status of the evidence. Defendant states

---

[4] Doc. 87.

[5] Doc. 88, ex. 1, at 2.

plaintiff made his first attempt to secure evidence supporting his claim after the expiration of the discovery deadline. If plaintiff is permitted to obtain this discovery, defendant argues he will likely be required to prepare and submit an amended motion for summary judgment. Defendant concludes plaintiff failed to show excusable neglect or good cause to forgive his failure to meet the discovery deadline and that therefore the discovery should not be allowed to be sought.

Under D. Kan. Rule 6.1(a), a motion for an extension of time to perform an act "will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect."[6] The excusable neglect standard is higher, i.e., harder to meet, than the good cause standard applied when a motion for extension of time is filed before the expiration of the time period at issue.

Plaintiff has failed to make the requisite showing of excusable neglect. Plaintiff has not explained why he has been away from his legal work since January. The court appreciates the challenges plaintiff faces in handling his case while he is in prison, especially with his limited law library time. Plaintiff stated he was waiting to receive certain discovery from defendant before serving these discovery requests but he has not explained why he was waiting or how this affected his ability to serve the discovery requests before the close of discovery. The court notes plaintiff had more than three months since the amended scheduling order was entered to complete discovery. Plaintiff has not sufficiently shown his failure to do so was the result of excusable neglect.

---

[6] *See also* Fed. R. Civ. P. 6(b)(1)(B).

Discovery has been closed for more than one month.  The final pretrial conference has been held and defendant has filed his motion for summary judgment (doc. 87).  Further, the court has entered the final pretrial order (doc. 92).  The court finds that to allow plaintiff to essentially reopen discovery at this time would be prejudicial to defendant and disruptive of the schedule earlier set by the court.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. The above-referenced motion **(doc. 88)** is denied.

2. Copies of this order shall be served electronically on counsel of record, and on the pro se plaintiff by regular and certified mail.

Dated this 7th day of April, 2008 at Kansas City, Kansas.

   s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge